[No. 3862.]

OLSON ET AL. v. MAMMOTH MINING & MILLING CO.

1. BILL OF EXCEPTIONS—*To a judgment,* is no longer required. (Laws 1911, c. 6, sec. 24).

2. ERROR—*Finding on Sufficient Though Conflicting Evidence,* will not be disturbed.

*Error to San Miguel District Court.* HON. SPRIGG SHAC-KLEFORD, Judge.

Mr. L. C. KINIKIN, for plaintiffs in error.

Mr. H. M. HOGG, Mr. C. L. WATSON, for defendant in error.

CUNNINGHAM, Presiding Judge.

On March 13, 1909, the defendant in error filed its action in the county court to recover a balance claimed to be due on the purchase price of an electric motor. After issues joined the case was tried in the county court, resulting in a judgment in favor of the plaintiff for $261.21. Thereupon plaintiffs in error appealed their case to the district court where again judgment went against them for a like amount, from which judgment this appeal is prosecuted. There appears to be no question as to the amount of the judgment, providing 'the plaintiffs in error were liable at all, since the counsel stipulated or assented that the verdict, if a verdict was

rendered in favor of the plaintiff below (defendant in error here), should be the same as that given in the county court. By consent of counsel for the respective parties the court instructed the jury orally, neither party tendering any instructions or saving any exceptions to the court's instructions. The record is singularly free from objections to the introduction of testimony, inasmuch as practically every question to which the plaintiffs in error objected was withdrawn by counsel for defendant in error.

It is contended that we may not review the judgment in this cause because no exception was saved thereto. Since the briefs were filed in this case the legislature has amended the law pertaining to appeals and writs of error so that it is no longer necessary, in order to have a judgment reviewed, to save an exception thereto, and in express terms this provision is made to apply to all causes pending at the time of the adoption of the same, as well as to causes thereafter appealed from. See section 24, chapter 6, Session Laws 1911, page 18.

The plaintiffs in error insist that they had never purchased the motor, but had originally rented it from the defendant in error, and that thereafter the plaintiff in error Olson had individually purchased the implement and paid therefor. The testimony was conflicting, but was amply sufficient to sustain the verdict and judgment rendered thereon, and the judgment of the trial court will be affirmed.